**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ROSA BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  1:18-cv-1241 |
| | ) | |
| EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC., EQUIFAX | ) | |
| INFORMATION SERVICES, LLC, and | ) | |
| TRANS UNION, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, ROSA BROWN ("Plaintiff"), through her attorney, Agruss Law Firm, LLC, alleges the following against Defendants, EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC, and TRANS UNION, LLC ("Experian", "Equifax", and "Trans Union", respectively and "Defendants", collectively):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. and Regulation V, 12 C.F.R. part 1022.

### JURISDICTION AND VENUE

2. This court has jurisdiction under the FCRA 15 U.S.C. § 1681, *et seq*., as well as pursuant to 28 U.S.C. §§ 1331 and 1337.

3. Venue and personal jurisdiction in this District are proper because Defendants do or transact business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

4. Plaintiff is an individual who was at all relevant times residing in the Fort Worth, Tarrant County, Texas.

5. Defendant, Experian is a credit reporting agency that does business in Cook County, Illinois, and has a principal place of business located in Costa Mesa, California.

6. Defendant, Equifax is a credit reporting agency that does business in Cook County, Illinois, and has a principal place of business located in Atlanta, Georgia.

7. Defendant, Trans Union is a credit reporting agency that does business in Cook County, Illinois, and has a principal place of business located in Chester, Pennsylvania.

8. At all relevant times, Plaintiff was a "consumer" as that term is defined by the FCRA.

9. At all relevant times, each Defendant was a "person" as that term is defined by the FCRA.

10. At all relevant times Defendants each was a "consumer reporting agency" as that term is defined by the FCRA.

11. At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by the FCRA.

## FACTUAL ALLEGATIONS AS TO DEFENDANT EXPERIAN

12. The inaccurate information of which Plaintiff complains is an account, or trade-line, that reflects Plaintiff's history of credit.

13. On or about November 1, 2017, Plaintiff sent a letter to Defendant Experian informing it of the inaccurate reporting of the trade-line and requesting that Defendant Experian correct the inaccuracy.

14. The aforementioned trade-line is currently reporting to Plaintiff's credit report as an account with Midland Funding, account number ending in 1602 (original creditor Credit One Bank, account number ending in 9504).

15. Plaintiff's letter explained that Plaintiff's account with Midland Funding should be removed from Plaintiff's credit report.

16. Plaintiff's letter explained that in October 2017, a full waiver of the existing balance and trade-line deletion on Plaintiff's account with Midland Funding took place.

17. Plaintiff's letter explained that Plaintiff's credit report does not reflect the aforementioned waiver and trade-line deletion.

## FACTUAL ALLEGATIONS AS TO DEFENDANT EQUIFAX

18. The inaccurate information of which Plaintiff complains is an account, or trade-line, that reflects Plaintiff's history of credit.

19. On or about November 1, 2017, Plaintiff sent a letter to Defendant Equifax informing it of the inaccurate reporting of the trade-line and requesting that Defendant Equifax correct the inaccuracy.

20. The aforementioned trade-line is currently reporting to Plaintiff's credit report as an account with Midland Funding, account number ending in 1602 (original creditor Credit One Bank, account number ending in 9504).

21. Plaintiff's letter explained that Plaintiff's account with Midland Funding should be removed from Plaintiff's credit report.

22. Plaintiff's letter explained that in October 2017, a full waiver of the existing balance and trade-line deletion on Plaintiff's account with Midland Funding took place.

23. Plaintiff's letter explained that Plaintiff's credit report does not reflect the aforementioned

waiver and trade-line deletion.

## FACTUAL ALLEGATIONS AS TO DEFENDANT TRANS UNION

24. The inaccurate information of which Plaintiff complains is an account, or trade-line, that reflects Plaintiff's history of credit.

25. On or about November 1, 2017, Plaintiff sent a letter to Defendant Trans Union informing it of the inaccurate reporting of the trade-line and requesting that Defendant Trans Union correct the inaccuracy.

26. The aforementioned trade-line is currently reporting to Plaintiff's credit report as an account with Midland Funding, account number ending in 1602 (original creditor Credit One Bank, account number ending in 9504).

27. Plaintiff's letter explained that Plaintiff's account with Midland Funding should be removed from Plaintiff's credit report.

28. Plaintiff's letter explained that in October 2017, a full waiver of the existing balance and trade-line deletion on Plaintiff's account with Midland Funding took place.

29. Plaintiff's letter explained that Plaintiff's credit report does not reflect the aforementioned waiver and trade-line deletion.

## FACTUAL ALLEGATIONS AS TO ALL DEFENDANTS

30. Defendants have been providing derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to various consumer reporting agencies, as that term is defined by 15 U.S.C. § 1681a(f).

31. Defendants are aware that the credit reporting agencies to which they are providing this information are going to disseminate this information to various other persons or parties

who will be reviewing this information for the purpose of extending credit, insurance or employment.

32. Despite all of the foregoing factual allegations, Defendants have disseminated information stating that Plaintiff is liable for the reported account, of which she is not liable.

33. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor, and Plaintiff's credit worthiness.

34. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

35. Despite Plaintiff's efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information and has continued to report the derogatory inaccurate information about Plaintiff.

36. Despite Plaintiff's efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information and has continued to report the derogatory inaccurate information about Plaintiff.

37. As a result of the Defendants' acts and/or omissions Plaintiff has suffered concrete, particularized real harm, including but not limited to, the time, expense, and frustration of communicating with the Defendants to correct the inaccurate information on his credit report.

38. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendants herein.

39. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

## COUNT I
## DEFENDANT EXPERIAN VIOLATED THE FAIR CREDIT REPORTING ACT

40. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

41. Defendant Experian violated 15 U.S.C. § 1681n and 15 U.S.C. § 1681o of the FCRA by engaging in the following conduct that fails to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b) and 1681i:

   a. Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

   b. Willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to this Defendant;

   c. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to other entities despite knowing that said information was inaccurate; and

   d. Willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b) and 1681.

   WHEREFORE, Plaintiff, ROSA BROWN, respectfully requests judgment be entered against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., for the following:

   a. All actual compensatory damages suffered pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

b.   Statutory damages of $1,000.00 pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

c.   Costs and reasonable attorneys' fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

d.   Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Fair Credit Reporting Act, 15 U.S.C. § 1681n(a); and

e.   Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT EQUIFAX VIOLATED THE FAIR CREDIT REPORTING ACT

42.  Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

43.  Defendant Equifax violated 15 U.S.C. § 1681n and 15 U.S.C. § 1681o of the FCRA by engaging in the following conduct that fails to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b) and 1681i:

a.   Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

b.   Willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to this Defendant;

c.   Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to other entities despite knowing that said information was inaccurate; and

d.   Willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b) and 1681.

WHEREFORE, Plaintiff, ROSA BROWN, respectfully requests judgment be entered against Defendant, EQUIFAX INFORMATION SERVICES, LLC, for the following:

a. All actual compensatory damages suffered pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

b. Statutory damages of $1,000.00 pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

c. Costs and reasonable attorneys' fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

d. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Fair Credit Reporting Act, 15 U.S.C. § 1681n(a); and

e. Any other relief that this Honorable Court deems appropriate.

## COUNT III
## DEFENDANT TRANS UNION VIOLATED THE FAIR CREDIT REPORTING ACT

44. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

45. Defendant Trans Union violated 15 U.S.C. § 1681n and 15 U.S.C. § 1681o of the FCRA by engaging in the following conduct that fails to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b) and 1681i:

a. Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

b. Willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to this Defendant;

c. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to other entities despite knowing that said information was inaccurate; and

d. Willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b) and 1681.

8

WHEREFORE, Plaintiff, ROSA BROWN, respectfully requests judgment be entered against Defendant, TRANS UNION, LLC, for the following:

a. All actual compensatory damages suffered pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

b. Statutory damages of $1,000.00 pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

c. Costs and reasonable attorneys' fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

d. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Fair Credit Reporting Act, 15 U.S.C. § 1681n(a); and

e. Any other relief that this Honorable Court deems appropriate.


DATED: February 19, 2018            RESPECTFULLY SUBMITTED,


                           By: /s/ Taylor L. Kosla
                                Taylor L. Kosla
                                SBN: 6327180
                                Agruss Law Firm, LLC
                                4809 N. Ravenswood Ave., Suite 419
                                Chicago, IL 60640
                                Tel: 312-224-4695
                                Fax: 312-253-4451
                                taylor@agrusslawfirm.com
                                *Attorney for Plaintiff*

9